1  SPILLANE SHAEFFER
     ARONOFF BANDLOW LLP
2  Lincoln D. Bandlow (SBN 170449)
   lbandlow@ssablaw.com
3  1880 Century Park East, Suite 1004
   Los Angeles, CA 90067-2627
4  Telephone: (310) 229-9300
   Fax: (310) 229-9380
5
   Attorneys for Defendants
6  TWENTIETH CENTURY FOX HOME
   ENTERTAINMENT LLC, KIOS
7  PRODUCTIONS, LLC, JIZZY
   ENTERTAINMENT, YARI FILM
8  GROUP, LLC, YARI FILM GROUP
   RELEASING, LLC and BOB YARI
9  PRODUCTIONS

10

11              UNITED STATES DISTRICT COURT

12              CENTRAL DISTRICT OF CALIFORNIA

13

| | |
|---|---|
| WIXEN MUSIC PUBLISHING, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>TWENTIETH CENTURY FOX HOME ENTERTAINMENT LLC, a Delaware limited liability company; KIOS PRODUCTIONS, LLC, a California limited liability company; JIZZY ENTERTAINMENT, a California limited liability company; YARI FILM GROUP, LLC, a California limited liability company; YARI FILM GROUP RELEASING, LLC, a California limited liability company; BOB YARI PRODUCTIONS, a business entity of unknown form; and DOES 1 through 10 inclusive,<br><br>Defendants. | CASE NO. CV 08-00112 R (VBKx)<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6)**<br><br>Hearing:<br>Date:    July 7, 2008<br>Time:    10:00 am<br>Judge:   Hon. Manuel L. Real<br>Place:   Courtroom 8 |

SSAB LLP

# TABLE OF CONTENTS

I. INTRODUCTION ............................................................................... 1

II. AS A MATTER OF LAW, PLAINTIFF CANNOT MAKE A PRIMA FACIE CASE FOR COPYRIGHT INFRINGEMENT BECAUSE THE USE WAS *DE MINIMIS* ................................................................. 2

III. PLAINTIFF'S CLAIM IS BARRED BY THE FAIR USE DOCTRINE ........................................................................................ 4

    A. The "Purpose And Character Of The Use" Factor Overwhelmingly Favors Defendants ............................................... 4

    B. The "Nature of the Copyrighted Work" Factor Favors Defendants ....................................................................................... 7

    C. The "Amount and Substantiality Of The Use" Factor Favors Defendants ....................................................................................... 7

    D. The "Effect Of The Use On The Potential Market For Or Value Of Plaintiff's Work" Factor Favors Defendants ............................. 8

IV. PLAINTIFF CONCEDES THAT IT LACKS STANDING ..................... 9

V. CONCLUSION ............................................................................... 10

# **TABLE OF AUTHORITIES**

## CASES

*Abilene Music, Inc. v. Sony Music Entertainment, Inc.*,
   320 F. Supp. 2d 84 (S.D.N.Y. 2003) ................................................................ 2

*Bill Graham Archives v. Dorling Kindersley Ltd.*,
   448 F.3d 605 (2d Cir. 2006) ........................................................................ 7, 9

*Burnett v. Twentieth Century Fox Film Corp*,
   491 F. Supp. 2d 962 (C.D. Cal. 2007) ........................................................... 6, 8

*Campbell v. Acuff Rose Music, Inc.*,
   510 U.S. 569 (1994)..................................................................................... 4-8

*Daly v. Viacom, Inc.*,
   238 F. Supp. 2d 1118 (N.D. Cal. 2002)............................................................ 2

*Elsmere Music, Inc. v. National Broadcasting Co.*,
   623 F.2d 252 (2d Cir. 1980) ........................................................................ 5, 8

*Fisher v. Dees*,
   794 F.2d 432 (9th Cir. 1986) .................................................................. 4, 6, 8

*Konor Enterprises v. Eagle Publications*,
   878 F.2d 138 (4th Cir. 1989) .......................................................................... 3

*Leibovitz v. Paramount Pictures Corp.*,
   137 F.3d 109 (2d Cir. 1998) ........................................................................ 1, 6

*Los Angeles News Serv. v. Conus Communications Co.*,
   969 F. Supp. 579 (C.D. Cal. 1997),................................................................. 3

*Mattel, Inc. v. Walking Mountain Productions*,
   353 F.3d 792 (9th Cir. 2003) ....................................................................... 4, 6

*Newton v. Diamond,*
   388 F.3d 1189 (9th Cir. 2004) ..................................................................... 1, 3

*Perfect 10, Inc. v. Amazon.com, Inc.*,
 487 F.3d 701 (9th Cir. 2007) .............................................................................. 5
*Sandoval v. New Line Cinema Corp.*,
 147 F.3d 215 (2d Cir. 1998) ................................................................................ 4
*Schreiber Distributing Co. v. Serv-Well Furniture Co.*,
 806 F.2d 1393 (9th Cir. 1986). ......................................................................... 10
*Silvers v. Sony Pictures Entertainment, Inc.*,
 402 F.3d 881 (9th Cir. 2005) ............................................................................ 10
*Warner Bros., Inc. v. Dae Rim Trading, Inc.*,
 877 F.2d 1120 (2d Cir. 1989) ............................................................................. 3
*Weissmann v. Freeman*,
 868 F.2d 1313 (2d Cir. 1989) ............................................................................. 3

<u>TREATISES</u>

2 Nimmer on Copyright, § 8.01[G] (2002).................................................................. 4
2 Nimmer on Copyright, § 13.05[A][2][a] ................................................................. 7

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff's Opposition ("Opp.") **supports** the granting of the Motion. Plaintiff concedes that "only a fraction of the [Song]" was used in the Film (Opp. at 5) and that "one type of fair use is parody." Opp. at 9. Having made these concessions, Plaintiff fails to address virtually all of the directly on-point authority set forth in the Motion which demonstrates that Plaintiff's claim fails as a matter of law.[1]

First, Plaintiff concedes that a fleeting *de minimis* use is insufficient to establish liability because it falls below the quantitative threshold of substantial similarity required to support a copyright claim. Contrary to Plaintiff's contention, the fact that the Film was distributed theatrically and on home video does not change the *de minimis* use analysis. Indeed, the Ninth Circuit has rejected such a contention. *Newton v. Diamond*, 388 F.3d 1189, 1192 (9th Cir. 2004) (use of six second, three note segment of composition was *de minimis*, despite fact that album was released worldwide). Plaintiff's Opposition simply ignores this controlling Ninth Circuit law.

Second, even if the use of three words from the Song is not considered *de minimis*, the use is protected by the fair use doctrine. Plaintiff's Opposition fails to address the directly on-point cases regarding the fair use doctrine set forth in the Motion. Rather, while conceding that "parody will justify a fair use defense" (Opp. at 10), Plaintiff simply asserts, without any argument or supporting authority, that the use is somehow not a parody. That argument doubly fails because Defendants are not required to show that the use was a parody to prevail and, moreover, as a matter of law, a use made to criticize or at least loosely comment on a work, such as the use made here, is considered a parody protected under the fair use doctrine. *See Leibovitz v. Paramount Pictures Corp.*, 137 F.3d 109, 113 (2d Cir. 1998) (motion picture

---

[1] Plaintiff does not dispute that the Court properly has before it all the materials necessary to rule on this Motion as a matter of law.

advertisement was a fair use since the ad could "reasonably be perceived as commenting on" plaintiff's work); *Abilene Music, Inc. v. Sony Music Entertainment, Inc.*, 320 F. Supp. 2d 84, 90 (S.D.N.Y. 2003) (use of song lyrics a protected parody because use evoked "the message or style of the original work" that "humorously expresses the author's opinion of the original work").

Plaintiff concedes that Defendants used only three words from the Song, in dialogue that lasts less than .01% of the Film. Plaintiff does not dispute that the Film pokes fun at the Song's ominous threat that machines will take over the world; by altering that message to describe a world where it is positive to channel one's "inner robot" and, indeed, specifically follow the directions of a toy robot to succeed in life. Thus, the parodic nature of the use is demonstrated by simply watching the Film – it does not lose its status as a protected parody simply because Plaintiff says so. *See Daly v. Viacom, Inc.*, 238 F. Supp. 2d 1118, 1122 (N.D. Cal. 2002) (granting motion to dismiss and stating that factual allegations in opposition brief "may be disregarded, however, if contradicted by documents to which the court may properly refer"). Thus, the use of three words from the Song is a protected fair use.

Finally, although Plaintiff essentially acknowledges it is the wrong entity to bring this claim, allowing Plaintiff to amend the complaint again would be pointless because the claim fails as a matter of law, regardless of the entity that brings it. Accordingly, the Court should grant the Motion and dismiss this action with prejudice.

## I. AS A MATTER OF LAW, PLAINTIFF CANNOT MAKE A PRIMA FACIE CASE FOR COPYRIGHT INFRINGEMENT BECAUSE THE USE WAS *DE MINIMIS*

Plaintiff concedes (Opp. at 4) that "suits are rarely brought over trivial instances of copying" but, unfortunately, that did not stop Plaintiff here. Despite conceding that "only a fraction of the [Song] was copied" (Opp. at 5) and that "trivial copying is not an infringement" (Opp. at 4), Plaintiff simply asserts that it is not the amount of material copied, but rather the "scale on which such copying takes place." Opp. at 4.

1  Such an argument, however, ignores the controlling Ninth Circuit decision in *Newton*.[2]
2  In *Newton*, defendants used in one of their songs a six second, three note segment of
3  plaintiff's song which was "looped" throughout so that this six second, three note
4  segment appeared over forty separate times in defendant's song. *Newton*, 388 F.3d at
5  1192. Moreover, defendants included this sample on two other remixes. *Id*. Despite
6  the fact that the allegedly infringing portion was used in three different songs and
7  released worldwide, the Court found that "the limited scope of copying" was *de*
8  *minimis* and thus an infringement claim failed as a matter of law. *Id*. at 1195-96.

9        The facts in *Newton* are similar to the facts here – just like in *Newton* where the
10 defendant's used only a six second, three note segment from plaintiff's composition;
11 Defendants here used only *three* words from Plaintiff's Song which appeared in the
12 Film for only 7 seconds. Defendants did not even use a verbatim quote from
13 Plaintiff's Song. In fact, although Plaintiff misleads the Court by implying (Opp. at 7)
14 that the Film used the words "Mr. Roboto" – the Film nowhere uses that phrase.
15 Rather, the line of dialogue in the Film was "Aki, it's time to say Domo Arigato and
16 find your inner Roboto." Thus, only three words were used in the Film and these
17 words were used in an entirely different context and sequence than that set forth in the
18 Song. Finally, substantial distribution, like the worldwide release of the defendant's
19 song in *Newton*, does not convert a *de minimis* use into substantial copying. *Newton*,
20 388 F.3d at 1195-96. Thus, Defendants' release of the Film has no bearing on whether
21 Defendants' use of three words was *de minimis* as a matter of law. *See Sandoval v.*

---

[2] Rather than address the on-point authority cited by Defendants, Plaintiff merely cites cases that are wholly inapplicable to the *de minimis* use defense and the facts presented here. For example, in *Los Angeles News Serv. v. Conus Communications Co.*, 969 F. Supp. 579, 584 (C.D. Cal. 1997), the defendant copied plaintiff's entire film footage of the Rodney King riots. Similarly, in *Konor Enterprises v. Eagle Publications*, 878 F.2d 138 (4th Cir. 1989), defendant had copied entire portions of a phone directory. In *Warner Bros., Inc. v. Dae Rim Trading, Inc.*, 877 F.2d 1120 (2d Cir. 1989), defendant sold exact copies of plaintiff's copyrighted characters. Finally, in *Weissmann v. Freeman*, 868 F.2d 1313 (2d Cir. 1989), defendant used plaintiff's entire syllabus in his lectures. None of these cases involved a fleeting, minimal use of the plaintiff's work, much less a use of only three words out of sequence from the original work.

1  *New Line Cinema Corp.*, 147 F.3d 215, 217 (2d Cir. 1998) (photographs shown for
2  35.6 seconds in a worldwide released motion picture was *de minimis*); 2 Nimmer on
3  Copyright, 8-24, § 8.01[G] (2002) ("*Nimmer*") ("[o]rdinarily, the importance of but
4  one line in plaintiff's work would be regarded as *de minimis*, not justifying a finding of
5  substantial similarity").  Accordingly, the use here was *de minimis* and does not rise to
6  the level of substantial similarity to support a copyright infringement claim.

### III.     PLAINTIFF'S CLAIM IS BARRED BY THE FAIR USE DOCTRINE

The only thing more fleeting than the Film's use of three words from the Song was Plaintiff's arguments regarding the fair use doctrine.  Indeed, Plaintiff ignores all but one of the fifteen on-point and controlling cases set forth in the Motion, such as *Fisher v. Dees*, 794 F.2d 432, 437 (9th Cir. 1986) and *Mattel, Inc. v. Walking Mountain Productions*, 353 F.3d 792, 801 (9th Cir. 2003), which hold that a use such as that made here is a protected fair use.  Rather, Plaintiff makes only a passing reference to *Campbell v. Acuff Rose Music, Inc.,* 510 U.S. 569, 579-80 (1994) (that scant mention is understandable – *Campbell* is fatal to Plaintiff's claim), cites four inapplicable cases (none from the Ninth Circuit) and baldy asserts that the use was not a protected parody, despite the fact that Plaintiff concedes that the three words from the Song were used in a Film that "satirizes the popular culture of an era."  Opp. at 10.

Moreover, Plaintiff pays equally scant attention in its Opposition to the fair use factors other than the purpose of the use factor (*i.e,* the nature of the work; amount and substantiality of the portion used; and effect of the use on the market for the work), citing only two off-point New York and New Jersey district court decisions and ignoring every controlling Ninth Circuit decision.  Thus, an analysis of the four factors demonstrates that Defendants' use of three words from the Song is a protected fair use.

#### A.     The "Purpose And Character Of The Use" Factor Overwhelmingly Favors Defendants

Plaintiff acknowledges that there are "favored uses" that are afforded "great deference" under the fair use doctrine, such as a use for the purpose of "criticism"

and/or "comment." Opp. at 7. Moreover, Plaintiff acknowledges that "parody is a common example of another use that may also be considered" a fair use and thus parody is "protected as legitimate appropriation." Opp. at 7, 9.

After conceding these points, however, Plaintiff simply concludes without elaboration or support that "Defendants' use does **not** constitute parody, so this factor is in plaintiff's favor." *Id.* Such a conclusion is directly refuted by the facts here. Moreover, Plaintiff is not only ignoring the facts – it is ignoring the law: a use need not be a "parody" to be protected under the fair use doctrine.

Rather, as addressed in Defendants' Motion, the most important inquiry in reviewing the first fair use factor is **not** determining that the use was for a "parody" but, instead, determining whether the use was simply "transformative." *Perfect 10, Inc. v. Amazon.com, Inc.*, 487 F.3d 701, 720 (9th Cir. 2007) (the "central purpose" of the first factor is determining "whether and to what extent the new work is transformative"). As the U.S. Supreme Court made clear in *Campbell*, a use is transformative when it does not "merely supersede the objects of the original creation" but rather "adds something new, with a further purpose or different character, altering the first with new expression, meaning, or message." *Campbell*, 510 U.S. at 579. Thus, a use need not be a parody to be protected, rather, it is protected if the defendant "changes a plaintiff's copyrighted work or uses the plaintiff's copyrighted work in a different context such that the plaintiff's work is transformed into a new creation." *Perfect 10*, 487 F.3d at 721.

Accordingly, a "parody" is just one of many forms of comment, criticism or transformative use. *Campbell,* 510 U.S. at 579-80; *Burnett v. Twentieth Century Fox Film Corp*, 491 F. Supp. 2d 962, 967 (C.D. Cal. 2007) ("Among the various forms of 'transformative use' is that of parody"); *Elsmere Music, Inc. v. National Broadcasting Co.*, 623 F.2d 252, n.1 (2d Cir. 1980) (use of tune *I Love New York* for comedy sketch *I Love Sodom* was fair use because it conjured up the original as a known facet of modern culture and added something new for humorous effect). Thus, the use of three

1  words from the Song in the Film's Dialogue need not be bitingly funny or obviously
2  parodic to receive protection under the transformative use test.
3        Moreover, the contention that the use was not a parody is simply false.  To be a
4  protected parody, the use need only "loosely target" the plaintiff's work so that it
5  "reasonably could be perceived as commenting on" it "to some degree."  *Walking*
6  *Mountain Productions*, 353 F.3d at 801.  Thus, in evaluating whether a use is a parody,
7  the test is not whether one gets or likes the parody because "the quality of the parody is
8  not to be evaluated," rather; the test is simply "whether a parodic character may
9  reasonably be perceived."  *Leibovitz v. Paramount Pictures Corp.*, 137 F.3d 109, 113
10 (2d Cir. 1998).
11       Here, the Film Dialogue "conjures up" the 1983 song *Mr. Roboto* for the
12 purpose of parodying it and other cultural icons from the 1980s.  Plaintiff's Song, a
13 melodramatic social commentary on the threat of future technology, is clearly parodied
14 in the Film, which uses three words from the Song to poke fun at the absurdity of the
15 Song's frightening warning by, in fact, suggesting that robots are better equipped to
16 advance the goals of the Film's protagonists to find their "inner robot" and win a dance
17 contest.  Moreover, the Film's Dialogue parodies the Song's noted use of the common
18 Japanese phrase "domo arigato" by having a character in the Film speak that phrase to
19 another character in the Film – an American of Japanese decent who is clearly
20 annoyed by his friends' constant references to his Asian heritage.
21       Thus, the purpose and character of the use factor favors Defendants because the
22 use was transformative.  Indeed, even though Defendants need not show that the use
23 was a "parody" for it to be protected under this factor; the undisputed evidence
24 demonstrates that the use was just such a parody.  *See Fisher*, 794 F.2d at 437 (29
25 second song "When Sonny Sniffs Glue" in a 40 minute comedy album that parodied
26 the ballad "When Sunny Gets Blue" deemed a fair use).  Thus, the first factor
27 **overwhelmingly** favors Defendants .
28

### B.    The "Nature of the Copyrighted Work" Factor Favors Defendants

Plaintiff concedes that the three words used from the Song – "domo arigato" and "roboto" – are not particularly creative.  Moreover, Plaintiff concedes that the Song was long ago published to the world.  Finally, Plaintiff does not dispute that the second factor is "of limited usefulness where the creative work of art is being used for a transformative purpose" [*Bill Graham Archives v. Dorling Kindersley Ltd.*, 448 F.3d 605, 612 (2d Cir. 2006)] and thus the second factor "is not much help" in resolving a parody case "since parodies almost invariably copy publicly known, expressive works." *Campbell,* 510 U.S. at 586 (fact that copied work was a creative song mattered little in the fair use analysis where defendant's work was a parody).

Rather, Plaintiff simply ignores the law regarding this factor and merely asserts that the Song, in its *entirety*, is creative.  The Film, of course, did not use the Song in its entirety.  The insignificant manner in which Plaintiff addresses this factor comports with the manner in which this factor has been addressed by the courts in the context of parody/transformative uses.  *See Nimmer* § 13.05[A][2][a] ("second factor more typically recedes into insignificance in the greater fair use calculus"). Accordingly, the second factor either favors Defendants or should be given no weight in the fair use analysis.

### C.    The "Amount and Substantiality Of The Use" Factor Favors Defendants

Plaintiff concedes, as it must, that only three words were used from the Song. Moreover, Plaintiff concedes that even those three words "are not copied exactly." Opp. at 8.  The only stab that Plaintiff takes at this factor is to simply state that Defendants copied the most important words of the Song. Opp. at 8.[3]  Glaringly absent from Plaintiff's Opposition is any discussion of the fact that a parody *must* use

---

[3] Even this contention is incorrect – the noted line from the Song was the words "**Mr.** Roboto" who was the central character of the Song.  The Film never used the words "Mr. Roboto."

enough of the original work – in fact, often the "heart" of the work or "most distinctive and memorable features" of the original – to 'conjure up' at least enough of that original to make the object of its critical wit recognizable." *Campbell*, 510 U.S. at 588, *citing Elsmere,* 623 F.2d at 253, n.1.  Thus, of course, the Film had to use some portions of the Song – even if they are considered the "heart" of the work – to conjure up the Song for commentary.  *See Burnett*, 491 F. Supp. 2d at 970 ("there is no requirement that 'parodists take the *bare minimum* amount of copyright material necessary to conjure up the original work'") (original emphasis).

Plaintiff's analysis also completely ignores the fact that Defendants used only *three* words from the Song that lasted all of seven seconds in the Film (less than .01% of the entire film).  In fact, the barest reference to "Domo Arigato" and "roboto" was used to conjure up recognition of the Song.  Indeed, the words were not even used in the same sequence as they appear in the Song and the Film added additional language in between the words that is not present anywhere in the Song.  Accordingly, the third factor strongly favors Defendants.

### D. The "Effect Of The Use On The Potential Market For Or Value Of Plaintiff's Work" Factor Favors Defendants

Plaintiff's passing mention of the fourth factor misses the point.  Defendants do not argue that this factor favors Defendants simply because the use of three words from the Song likely increased sales of the Song.  Rather, this factor favors Defendants because the use of three words from the Song in the Film does not supplant the market for the Song.  *See Fisher,* 794 F.2d at 438 (infringement only occurs when a parody "supplants the original in markets the original is aimed at, or in which the original is, or has reasonable potential to become, commercially valuable").  Indeed, *Fisher*, a case Plaintiff failed to address, is directly on point.  There, the Court found that the parody would not supplant the original because the parody and original served different markets.  *Id.* ("The two works do not fulfill the same demand.  Consequently, the parody has no cognizable economic effect on the original").  Just like the consumer

in *Fisher* would not be satisfied by the parody, the same is true for consumers of the Song here. No one who has any interest in purchasing and listening to the Song is going to have that interest satiated by watching the Film and seeing a seven-second exchange of dialogue about a break-dancer finding his "inner roboto" and copying a toy robot to regain his dancing skills in which three words from the Song are uttered, out of order, by a nerdy character in the Film.[4]

Moreover, Plaintiff's purported licensing practice does not shift the weight of this factor to favor Plaintiff. As addressed in detail in Defendants' Motion, the fact that some people may be willing to pay licensing fees for a use does not mean that others may not make a fair use of the same work. *See Bill Graham Archives*, 448 F. 3d at 615 ("a publisher's willingness to pay license fees for reproduction of images does not establish that the publisher may not, in the alternative, make fair use of those images"). In *Bill Graham*, another directly on-point authority ignored by Plaintiff, the Court found that defendant's use was a protected fair use and disregarded any argument to the contrary based on prior licensing history. *Id*. at 614-15. Thus, "a copyright holder cannot prevent others from entering fair use markets merely by developing or licensing a market for parody … Copyright owners may not preempt exploitation of transformative markets." *Id.*

Accordingly, because Defendants' Film does not supplant the Song in any market and Plaintiff's licensing practice is irrelevant to this factor, the fourth factor weighs heavily in favor of Defendants.

## IV.  PLAINTIFF CONCEDES THAT IT LACKS STANDING

Plaintiff fails to demonstrate that it is the correct entity to bring a copyright infringement claim. In fact, the only argument that Plaintiff musters is the incorrect

---

[4] In addition to ignoring all of the cases cited by Defendants regarding this factor, Plaintiff merely cites one inapposite New York District Court case, *Marvin Worth Productions v. Superior Films Corp.*, 319 F. Supp. 1269 (S.D.N.Y. 1970). In that case, however, there were 44 separate instances of verbatim copying which had no commentary or parodic purpose whatsoever.

assertion that, as an exclusive representative of Stygian Songs, it can be considered an "owner of copyright." Opp. at 11. As addressed in Defendants' Motion, however, an "exclusive representative" does *not* have standing to bring a copyright claim. 17 U.S.C. § 501(b); *Silvers v. Sony Pictures Entertainment, Inc.*, 402 F.3d 881, 885-890 (9th Cir. 2005).[5]

Rather than dispute its lack of standing, Plaintiff seeks leave to yet again amend its complaint to remedy this defect. As Plaintiff correctly notes, however, leave to amend should be denied where "allegation[s] of other facts consistent with the challenged pleading could not possibly cure the deficiency." Opp. at 11 (*citing Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Here, because Defendants' use of three words from the Song is *de minimis* and/or a fair use, there is no point in allowing Plaintiff, or any other entity that might be substituted in Plaintiff's place, to pursue this claim.

## V. CONCLUSION

As aptly put by Plaintiff, "trivial copying is not an infringement." Opp. at 4. This is especially true when the copying takes place in a transformative parody entitled to fair use protection and when Defendants used a mere three words from the work. Accordingly, for the reasons set forth above, the Court should grant Defendants' Motion and dismiss this action with prejudice.

Dated: June 30, 2008        SPILLANE SHAEFFER ARONOFF BANDLOW LLP

By: _____
Lincoln D. Bandlow
Attorneys for Defendants

---

[5] *Silvers* joins the long list of cases cited in the Motion that Plaintiff simply ignored.